In the Matter of the Application of JAMES J. ROGERS, Petitioner, for an Order of Certiorari against THE BOARD OF TRUSTEES OF THE BUFFALO POLICE PENSION FUND and Others, City Commissioners of Buffalo, Together Constituting Such Board of Trustees, Respondents.

Supreme Court, Erie County, August 19, 1927.

Municipal corporations — police — pension — mandamus not proper remedy to correct action of board of trustees of police pension fund of city of Buffalo in granting pension — certiorari denied, under Civil Practice Act, § 1288 — petitioner not entitled to include services as special patrolman — matters not submitted to trustees cannot be reviewed.

Certiorari and not mandamus is the proper remedy to review the action of the board of trustees of the police pension fund of the city of Buffalo, in granting a pension to the petitioner. Mandamus is available only to compel action and not to review action.

Certiorari is denied the petitioner, under section 1288 of the Civil Practice Act, since the certiorari order was not granted and served within four calendar months after the determination to be reviewed became final.

The petitioner is not entitled to have included within his period of service the period during which he acted as special patrolman at the Pan-American Exposition in Buffalo in 1901, for his contract under which he worked at that time bars him from having the time included as a basis for additional pension.

The question of the right of the petitioner to a pension on the basis of total instead of partial disability, not having been submitted to the board of trustees, cannot be reviewed.

MOTION for order of certiorari.

*Florence Farrington*, for the motion.

*Frederic C. Rupp*, Corporation Counsel [*John E. Livermore* of counsel], opposed.

NOONAN, J.  This is a motion for an order of certiorari to review the action of the board of trustees of the police pension fund by which the petitioner was granted a pension of $144 per annum on February 11, 1911, effective March 1, 1911.

There is no substantial dispute as to the facts upon which the decision must be based. For six months, May 16 to November 15, 1901, during the Pan-American Exposition, the petitioner was employed as a special patrolman, pursuant to a resolution of the then board of police, which resolution, among other things, provided:

" 2. The employment of each patrolman is to continue, during the pleasure of the Board of Police, and he may be discharged

or dismissed at any time without any charges, trial or hearing of any kind.

" 3. No provision of law or ordinance shall be considered to apply to such special patrolmen so as to extend the term of employment beyond the duration thereof fixed by the Board of Police, or to give the special patrolmen any right to any charges, trial or hearing of any kind prior to his discharge or dismissal, or to give such special patrolmen any claim upon or share in the Police Pension Fund.

" 4. This hiring or employment shall not be of force or effect until the person so hired or employed executes a consent and agreement to accept the employment upon the foregoing terms and conditions, and to waive any law or Ordinance, and any benefit arising or accruing therefrom, which is or may be inconsistent with the provision hereof, if any such law or Ordinance there be."

On July 6, 1904, presumably after a civil service examination, the petitioner was duly appointed patrolman on the Buffalo police force. About the middle of November, 1910, while doing police duty, he was injured in an accident and incapacitated to perform full police duty. He now claims that he was ordered back to full duty before he had fully recovered. On December 10, 1910, the police surgeon, having previously examined the petitioner reported that he was totally and permanently incapable of performing full police duty, and recommended his superannuation. The board of police laid the recommendation upon the table until its next meeting, and the petitioner notified, so that he might take such action, as he saw fit. At the meeting of said board, on January 26, 1911, the matter was held for another month, at the petitioner's request, and two outside physicians were appointed to examine the petitioner as to his physical fitness to perform full police duty, and each reported under oath, that the petitioner was totally incapacitated for the performance of full police duty, by reason of the thickening of the ankle joint and valvular heart disease, and thereupon he was superannuated by said board of police, and granted a pension for partial disability, based upon the number of years of service, pursuant to the rules and regulations then in force.

While the petitioner was opposed to being superannuated, there is nothing to show that he produced any medical testimony to dispute the findings of the physicians especially appointed to examine him and he then made no attempt to review the action of said board of police by certiorari, or otherwise, and the petitioner has never asked said trustees to grant him a pension for total disability.

In December, 1911, the petitioner, *by attorney*, requested the trustees of the pension fund to include the service as special patrolman in 1901 in computing the number of years service upon which the pension was based, and to increase his pension to $168 per annum. The request was refused, and nothing was done until March 28, 1922, when the petitioner *personally* renewed said request which was again denied.

Thus the matter rested, without any court review of the previous decisions of said trustees, until March 16, 1927, when the petitioner applied for an order of mandamus to compel the said trustees to grant relief as follows:

(a) The inclusion of the petitioner's period of service in and of the city of Buffalo's so-called Pan-American period police force (not the Pan-American police) into the period upon which the police retirement and police pension of the petitioner is figured or based.

(b) Correcting the police pension award to this petitioner *nunc pro tunc* as of its original date so as to base this petitioner's police pension on the inclusion of said Pan-American period service.

(c) Correcting the petitioner's retirement and police pension award, *nunc pro tunc* as of its original date, by striking out any partial disability element and making said retirement and pension award to petitioner as upon the basis of a total physical disability, incurred on police duty and with the period of service for petitioner figured as including the petitioner's Pan-American period service.

The petitioner also asks for such further relief as may be just and proper.

This motion was properly denied upon the ground that the function of an order of mandamus is to compel action and not to review it. (2 Fiero Part. Act. 1868.) Upon the same motion papers, the petitioner is now asking for an order of certiorari to review the above-mentioned decisions of said trustees, and to have the pension based upon total instead of partial disability.

The court has no power to grant this motion. Section 1288 of the Civil Practice Act provides that " a certiorari order to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding, upon the petitioner; " Equity will not afford relief to one who has neglected his legal rights. (21 C. J. 212, and cases cited.)

I am also of the opinion that the petitioner, under his contract of 1901 is barred from having that time included as a basis for a pension.

The matter of a pension for total instead of partial disability

has never been submitted to the said board of trustees, and consequently has never been acted upon. Obviously what has not been done is not subject to review.

An order may be entered denying the motion, with ten dollars costs.